[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12454

_____

Agency No. 1070-07

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 8, 2012
JOHN LEY
CLERK

COMMISSIONER OF IRS,

Petitioner - Appellant,

versus

PHILIP A. DRISCOLL,
LYNN B. DRISCOLL,
a.k.a. Donna L. Driscoll,

Respondents - Appellees.

_____

Petition for Review of a Decision of the
U.S.Tax Court

_____

(February 8, 2012)

Before MARTIN, and ANDERSON, Circuit Judges, and SCHLESINGER,[*]
District Judge.

_____

[*] Honorable Harvey E. Schlesinger, United States District Judge for the Middle District
of Florida, sitting by designation.

PER CURIAM:

The Commissioner of the Internal Revenue Service appeals the decision of the Tax Court allowing taxpayers to apply the parsonage allowance income exclusion of Internal Revenue Code § 107(2) to multiple houses. For the following reasons, we reverse the Tax Court.

The facts of this case are straightforward and uncontested. From 1996 to 1999, taxpayers Philip A. Driscoll and Lynne B. Driscoll owned more than one residence—a principal residence and a lake house. Driscoll v. Comm'r, 135 T.C. 557, 558–59 (2010). Mr. Driscoll, an ordained minister, worked for Phil Driscoll Ministries, Inc., a tax-exempt organization under I.R.C. § 501(c)(3). Ministries paid to Mr. Driscoll a "parsonage allowance" for the acquisition, care, and maintenance of both his principal residence and his lake home. Driscoll, 135 T.C. at 559. For the tax years 1996 through 1999, Mr. and Mrs. Driscoll filed tax returns that excluded from their gross income the parsonage allowance allocated to their principal residence and lake house, pursuant to I.R.C. § 107(2).

The Commissioner eventually issued a notice of deficiency to the Driscolls for tax years 1996 through 1999, denying them the income exclusion under § 107(2) for that portion of the parsonage allowance allocated to the second house. The Driscolls petitioned the Tax Court for redetermination of the deficiency.

A divided Tax Court held that the Driscolls were entitled to exclude from their income the parsonage allowance allocated to their second house under § 107(2). Driscoll, 135 T.C. at 566–567. Six of the thirteen participating judges dissented. Id. at 569–573. The Commissioner appealed the Tax Court ruling to this Court.

We must now determine whether the Tax Court erred as a matter of law in holding that Mr. and Mrs. Driscoll were entitled to exclude from their gross income, under I.R.C. § 107(2), the amount that Ministries paid to Mr. Driscoll as a "rental allowance" for his second house.

This Court reviews "de novo the Tax Court's rulings on the interpretation and application of the tax code." Estate of Jelke v. Comm'r, 507 F.3d 1317, 1321 (11th Cir. 2007). Section 61(a) of the Internal Revenue Code defines gross income as "all income from whatever source derived." I.R.C. § 61(a). This broad provision is subject to certain exceptions in the Code, such as I.R.C. § 107. For the tax years in question, § 107 provided that for "a minister of the gospel, gross income does not include . . . (2) the rental allowance paid to him as part of his compensation, to the extent used by him to rent or provide a home." Internal

Revenue Code of 1954, ch. 736, § 107(2), 68A Stat. 3, 32 (1954) (codified as amended at 26 U.S.C. § 107(2)).[1]

In reaching its conclusion, the Tax Court majority relied on the fact that the Internal Revenue Code cross-references the Dictionary Act, 1 U.S.C. § 1, for the proposition that singular terms in the Code also include their plural forms.  See I.R.C. § 7701(p)(1)(1) (previously codified at § 7701(m)(1)).  However, the Code also states that any cross references "are made only for convenience, and shall be given no legal effect."  I.R.C. § 7806(a).  Further, as the United States Supreme Court has explained, the Dictionary Act, by its own terms, does not apply if "the context indicates otherwise."  United States v. Hayes, 555 U.S. 415, 422 n.5, 129 S. Ct. 1079, 1085 n.5 (2009).  Therefore, the Dictionary Act's singular-to-plural provision should only apply if the context of I.R.C. § 107(2) reasonably supports such an application.  We hold that it does not.

"Home" is defined as "the house and grounds with their appurtenances habitually occupied by a family : one's principal place of residence : DOMICILE."

---

[1] In 2002, after the tax years in question here, Congress passed the Clergy Housing Allowance Clarification Act of 2002, Pub. L. No. 107-181, 116 Stat. 583 (2002).  This added the following language at the end of § 107(2): "and to the extent such allowance does not exceed the fair rental value of the home, including furnishings and appurtenances such as a garage, plus the cost of utilities."  Id. at § 2(a).  The Commissioner acknowledges this amendment has no bearing on the issue now before us.

Webster's Third New International Dictionary 1082 (1993). Based upon this definition, we conclude that "home" has decidedly singular connotations.

The Driscolls argue that if Congress had intended to limit the income exclusion under § 107(2) to one's principal place of residence, it could have added language to that effect. They point to language in other provisions, like I.R.C. §§ 121, 123, that exclude from gross income gains relating to a taxpayer's "principal residence." However, that Congress refers to "principal residence" in these other provisions does not ineluctably lead to the conclusion that we should read "home" in § 107 to imply a plural meaning, especially when the context of the use of the word "home" does not readily support plural connotations.

The history of § 107 provides additional context for the term, "home." The parsonage allowance income exclusion was first enacted in the Revenue Act of 1921, Pub. L. No. 67-98, § 213(b)(11), 42 Stat. 227, 239 (1921). It granted an income exclusion for "[t]he rental value of a dwelling house and appurtenances thereof furnished to a minister of the gospel as part of his compensation." Id. The exclusion, as originally enacted, applied to housing provided in kind, but did not exempt cash allowances that a minister received for housing expenses. See Id. In the Internal Revenue Code of 1954, Congress reenacted the parsonage allowance income exclusion as I.R.C. § 107. In so doing, it changed "a dwelling house" to "a

5

home" and added the rental allowance provision of § 107(2), which granted ministers an income exclusion for the "rental allowance paid to him as part of his compensation, to the extent used by him to rent or provide a home." § 107(2), 68A Stat. 3, 32. House and Senate reports explained that § 107(2) was meant to grant exclusions "where a minister, in addition to the home, rents a farm or business property, except to the extent that the total rental paid can be allocated to the home itself." S. Rep. No. 83-1622, at 186 (1954); H.R. Rep. No. 83-1337, at A35 (1954). As the Commissioner argues, the consistent use of the singular in this legislative history— "a dwelling house," "a home," and "the home"—demonstrate that Congress intended for the parsonage allowance exclusion to apply to only one home.

The Driscolls argue that "a home," under § 107(2), does not necessarily mean "one home." Rather, they argue that "a" is used as an indefinite article to mean "no particular home." We are not persuaded. "A" is "used as a function word before most singular nouns other than proper and mass nouns when the individual in question is undetermined, unidentified, or unspecified, especially when the individual is being first mentioned or called to notice." Webster's, supra, at 1 (emphasis added). Thus, while "a" may indeed mean "no particular

6

home," we conclude that "a" maintains a singular connotation, especially when the context indicates a singular meaning, as here.[2]

Finally, the Supreme Court has stated that income exclusions should be "narrowly construed." Comm'r v. Schleier, 515 U.S. 323, 328, 115 S. Ct. 2159, 2163 (1995) (quotation marks omitted). In light of this directive, we do not believe that this Court should construe any ambiguity in § 107(2) to favor a more expansive reading of the parsonage allowance income exclusion.

For the reasons stated above we REVERSE the Tax Court and REMAND for proceedings consistent with this opinion.

---

[2] The Driscolls cite patent cases from the Federal Circuit for the proposition that "a" has plural connotations. See Baldwin Graphic Sys., Inc. v. Siebert, Inc., 512 F.3d 1338, 1342–43 (Fed. Cir. 2008); Tate Access Floors, Inc. v. Interface Arch. Res., Inc., 279 F.3d 1357, 1370 (Fed. Cir. 2002). In addition to having no binding effect on this Court, these cases are not persuasive, given the context-specific nature of their subject matter. Further, as the Federal Circuit noted, its rule that "'a' . . . means more than one," does not apply where language, history, or context require a departure from that rule. Baldwin Graphic Sys., 512 F.3d at 1343.