GUSTAFSON, J., concurring: I agree with the opinion of the Court. I write separately here to address the concurring opinion of Judge Holmes, who proposes we should hold that a foster parent may have two “homes” under section 131. I disagree for two reasons: First, we manifestly did not need to reach this issue in order to decide this case. Section 131 excludes from income payments made “to the foster care provider for caring for a qualified foster individual in the foster care provider’s home.” A trial was conducted, and the evidence yielded a finding of fact (with which Judge Holmes fully agrees) that the Emil Avenue house was not the petitioners’ “home”. The opinion of the Court reaches this conclusion without having to consider whether section 131 contemplates that a foster parent may have two “homes” or instead permits only one. Judge Holmes suggests that one should note “a decided lack of majority support” for a one-“home”-only interpretation of section 131, see Holmes op. pp. 224-225; but in fact one should note instead simply that the majority found it unnecessary even to reach this interpretive question, which is not really implicated here. Second, if we were required to reach that question, I would conclude that the statutory phrase “in the foster care provider’s home” does not mean “in one of the foster care provider’s homes”. Rather, as I observed before in another context, In common usage, a person has one “home”,2 and the word therefore has a connotation of singularity. 2 The leading (non-obsolete) definition of “home” in the Oxford English Dictionary (1933) is “A dwelling-place, house, abode; the fixed residence of a family or household; the seat of domestic life and interests; one’s own house; the dwelling in which one habitually lives, or which one regards as one’s proper abode”; and the first definition for “home” in Webster’s Third New International Dictionary (1966) is “the house and grounds with their appurtenances habitually occupied by a family : one’s principal place of residence : DOMICILE”. [Driscoll v. Commissioner, 135 T.C. 557, 569-570 (2010) (Gustafson, J., dissenting), rev’d and remanded, 669 F.3d 1309 (11th Cir. 2012).] The most that can be said for the multiple-“homes” position is that the statute might be ambiguous — i.e., that the apparently singular “home” might actually mean the plural “homes”. But if the statute is ambiguous, then we must interpret it in light of the elementary principle “ ‘that exclusions from income must be narrowly construed.’” Commissioner v. Schleier, 515 U.S. 323, 328 (1995) (quoting United States v. Burke, 504 U.S. 229, 248 (1992) (Souter, J., concurring)). The narrower construction here — and the one I would adopt — is that “home” means one home. Colvin, Goeke, and Kroupa, JJ., agree with this concurring opinion.